UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITE NATIONAL RETIREMENT FUND,

                      Plaintiff,

- against -

FAIRBROOKE COMPANY, INC.,

                      Defendant.

REPORT AND RECOMMENDATION

04 Civ. 2354 (GBD) (RLE)

**To the HONORABLE GEORGE B. DANIELS, U.S.D.J.:**

## I. INTRODUCTION

Plaintiff, UNITE National Retirement Fund ("Fund"), initiated this action against defendant, Fairbrooke Company, Inc. ("Fairbrooke"), on March 25, 2004, for failure to make withdrawal liability payments pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), §§ 4201-4225 and 4301, 29 U.S.C. § 1001, *et seq.*, as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1381-1405 and 1451. On July 15, 2004, the Honorable George B. Daniels entered a default against Fairbrooke, and the matter was referred to the undersigned for an inquest on damages. The Fund seeks damages pursuant to 29 U.S.C. § 1132(g)(2). For the reasons below, I recommend that judgment be entered for the Fund in the amount of $4,425,020.52.

## II. BACKGROUND

The Fund is an "employee pension benefit plan" within the meaning of ERISA § 3(2), 29 U.S.C. §§ 1002(2). The Fund maintains a plan to provide retirement income to employees for whom contributions are made by employers. *See* Complaint at ¶ 4. The plan is a "multiemployer plan," maintained pursuant to one or more collective bargaining agreements

between employee organizations and various employers. 29 U.S.C. §§ 1002(37). Fairbrooke is an "employer," within the meaning of ERISA, § 3(5), 29 U.S.C. § 1002(5). As a party to a collective bargaining agreement with the International Ladies Garment Workers Union ("ILGWU"), or an affiliate thereof, Fairbrooke was obligated to make contributions to the Fund on behalf of certain employees.

The Fund alleges that in or about 2003, Fairbrooke completely withdrew from the plan, within the meaning of ERISA, § 4203(a), 29 U.S.C. § 1383(a). *See* Complaint at ¶ 10. The Fund claims that Fairbrooke became liable to the Fund for withdrawal liability as a result of its withdrawal. After numerous notifications to Fairbrooke that it owed withdrawal liability payments, the Fund filed this case. Because the Fund seeks a substantial amount in damages, the Court ordered Fairbrooke to respond to the Fund's computation of, and request for, damages by February 22, 2005. Fairbrooke failed to respond.

### III. DISCUSSION

Fairbrooke has been adjudged in default by the order entered by Judge Daniels. Thus, its liability is established on the well-pleaded allegations of the complaint. **Bambu Sales, Inc. v. Ozak Trading Inc.**, 58 F.3d 849, 854 (2d Cir. 1995) (*quoting* **Trans World Airlines, Inc. v. Hughes**, 449 F.2d 51, 63 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973).

The Fund seeks damages in the amount of $4,425,020.52 pursuant to the provisions of ERISA, 29 § 1001, *et seq.*, as amended by the MPPAA, 29 U.S.C. §1381, *et seq*. Under the MPPAA at 29 U.S.C. § 1451(b), the failure of an employer to make withdrawal liability payments within the time prescribed shall be treated in the same manner as a delinquent contribution within the meaning of ERISA § 1145. Section 1145 is enforced by 29 U.S.C.

§ 1132(g)(2) which provides that:

> In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 [29 USCS § 1145] in which a judgment in favor of the plan is awarded, the court shall award the plan--
>     (A) the unpaid contributions,
>     (B) interest on the unpaid contributions,
>     (C) an amount equal to the greater of--
>         (i) interest on the unpaid contributions, or
>         (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>     (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>     (E) such other legal or equitable relief as the court deems appropriate.
>   For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986 [26 USCS § 6621].

29 U.S.C. § 1132(g)(2).

**A. Unpaid Contributions/Withdrawal Liability Payment**

The Fund contends that Fairbrooke's adjusted withdrawal liability is $4,013,106.00. In support of its contention, the Fund has submitted financial records detailing the payments Fairbrooke was obligated to contribute under the plan. Complaint, Exh. A. The Fund has also submitted a Statement of Damages, dated May 26, 2004 ("Damages Statement"), reflecting this amount. Fairbrooke failed to respond to the Fund's computation of damages. Treating a withdrawal liability payment in the same manner as unpaid contributions, 29 U.S.C. § 1451(b), the Court recommends that the Fund be awarded $4,013,106.00 in withdrawal liability.

**B. Interest**

The Fund asks the Court to award interest at a rate of six percent. Interest on unpaid

contributions shall be determined by using the rate provided under the plan. 29 U.S.C. § 1132(g)(2). The Fund affirms that the ILGWU National Retirement Fund Restated Trust Indenture ("ILGWU Plan") § 10.6, states:

> Interest on overdue or defaulted payments of withdrawal liability shall accrue at a rate equal to two percentage points above the current prime rate as published in the Wall Street Journal. The interest shall be calculated by computing the interest due on the overdue or defaulted withdrawal liability according to the prime rate in effect on each date from the due date to the date paid.

Affidavit in Support of Interest, Liquidated Damages and Costs, dated May 26, 2004, at ¶ 6. Since the Wall Street Journal rate is 7.5%, under the ILGWU Plan, the Fund may seek interest at a rate of 9.5%. The six percent interest rate per year the Fund requests is lower than the rate the ILGWU plan would procure. I recommend that the Fund be awarded prejudgment interest at the rate requested, or $205,337.26, for the period between July 25, 2003, and May 26, 2004.

## C. Additional Damages

Under 29 U.S.C. § 1132(g)(2)(C), the Court shall award an amount equal to the greater of the interest on the unpaid contributions, or the liquidated damages provided for under the plan. The record does not indicate that the Fund's plan had provisions with respect to liquidated damages. Nevertheless, the Fund may recover interest on the withdrawal liability payments under § 1132(g)(2)(C). Since the amount calculated as the interest on the withdrawal liability payment is $205,337.26. I recommend that the Court award this amount in additional damages.

## D. Attorney's Fees and Costs

The Fund also seeks attorney's fees and costs incurred in the amount of $1,240. This includes attorneys fees of $1,050 for five hours at $210 per hour. Damages Statement. Section

1132(g)(2)(D) provides for the full recovery of costs, including reasonable attorney's fees to a prevailing aggrieved party. The Court finds the hourly rates charged by the Fund's counsel to be reasonable.

The Fund also seeks to recover $190 in costs and disbursements, consisting of a $40 service of process fee, and a $150 index number purchase fee. Damages Statement. In sum, I recommend that the Fund be awarded $1,240 for attorney's fees and costs.

### IV. Conclusion

For the reasons set forth above, I recommend that the Court grant the Fund an award of $4,013,106 for the withdrawal liability payment, $205,337.26 in interest, $205,337.26 in additional damages, and $1,240 in attorney's fees and costs, for a total of $4,425,020.52.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable George B. Daniels, 40 Centre Street, Room 410, and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See* **Thomas v. Arn**, 474 U.S. 140, 150 (1985); **Small v. Sec'y of Health and Human Servs.**, 892 F.2d 15, 16 (2d Cir. 1989) (***per curiam***); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED: February 21, 2006
New York, New York

Respectfully Submitted,

*[signature]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

Copies of this Report and Recommendation were sent to:

Julia Spivack
919 Third Avenue
New York, NY 10022

Harold S. Berzow
Finkel, Goldstein, Berzow, Rosenbloom & Nash, LLP
26 Broadway, Suite 711
New York, NY 10004